465 P.2d 546

Herschel J. SAPERSTEIN, Trustee in Bankruptcy of the Estate of Wheat Bros., Painters and Decorators, a partnership, Plaintiff and Respondent,

v.

FIRST SECURITY BANK OF UTAH, N. A., a corporation, Defendant and Appellant.

No. 11768.

Supreme Court of Utah.

March 4, 1970.

Redi-Mix v. Connor Homes, Inc., 91 Idaho 612, 428 P.2d 744; Conn. v. Whitmore, 9 Utah 2d 250, 342 P.2d 871.

Don B. Allen and John Ashton, of Ray, Quinney & Nebeker, Salt Lake City, for defendant and appellant.

Bryce E. Roe, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice.

The plaintiff filed these proceedings for the purpose of recovering the amount of money taken over by the Bank from the account of the bankrupt and which the Trustee claims to be preferential transfers prohibited by Sec. 60 of the Bankruptcy Act.

The trial court found in favor of the Trustee and the Bank has appealed to this court seeking reversal of that judgment.

Wheat Bros. was a partnership consisting of three brothers who engaged in the trade of painting and decorating. The partnership had maintained a checking account with the defendant Bank since the year 1950. The Bank had made loans to the partnership which were evidenced by a note dated May 19, 1965, in the amount of $5,000 and a note dated July 13, 1965, in a similar amount. Each of the notes was due 90 days after the date thereof. During the period of August 9, 1965, through September 21, 1965, the partnership had overdrawn its account with the Bank in a substantial amount. As of September 21, the overdraft totaled the sum of $18,768.28. After business hours on September 21, the partnership made a deposit of $21,320.08 in its account at the Bank. The largest item deposited was a check from Jacobsen Construction Company in the sum of $18,150. The Jacobsen Construction Company check was made

**68**

payable to Wheat Bros. and Kaymac Sales. Wheat Bros. had obtained the endorsement of Kaymac Sales on the check by giving to Kaymac its check in the sum of $12,000 drawn on the defendant Bank. On September 22, the defendant Bank endorsed the Jacobsen check for collection and sent it by messenger to the drawee bank where it obtained a cashier's check in a similar amount. The cashier's check was credited to Wheat Bros. account and the Bank reimbursed itself out of the deposit for the amount of the overdraft.

After September 22, 1965, Wheat Bros. made various deposits to its account in the defendant Bank but the Bank did not permit the account to become overdrawn. Checks which were presented to the Bank for payment were not paid if the account lacked sufficient funds to cover. On October 4, 1965, Wheat Bros. deposited the sum of $7,384 in the account out of which the defendant immediately applied the sum of $5,131.25 to pay itself principal and interest then due on the May 19th note. On October 18, 1965, Wheat Bros. made a further deposit in the sum of $4,153.48 out of which the defendant paid itself $4,050 toward payment of the note due on October 11, 1965. The partnership being unable to pay its employees or suppliers ceased doing business on October 19, 1965, except for some minor job completions which one of the partners took care of. On December 8, 1965, the Wheat Bros. partnership and its three partners individually filed voluntary petitions in bankruptcy.

Prior to September 21, 1965, the officers of the defendant had learned of other obligations owed by Wheat Bros. and inquiry had been made to an association of credit men which resulted in the Bank receiving information as to other substantial obligations owed by the partnership. The bank had also learned from Wheat Bros. that it was about to receive a substantial payment from Jacobsen Construction Company.

The court found that on September 21, October 4, and October 18, 1965, the Wheat Bros. partnership was insolvent. The court further found that upon those dates the defendant had reasonable cause to believe that the partnership was insolvent.[1] The court further found that the deposits made on the days above referred to were not made and received in the ordinary course of the Bank's business.

Based upon its findings of fact the court concluded that the transfers of the bankrupt's deposits to pay the Bank indebtedness as owed by the bankrupt to the Bank constituted voidable preferences under Sec. 60 of the Bankruptcy Act (11 U.S.C. Sec. 96).[2] The pertinent parts of Sec. 60 we are here dealing with are as follows:

---

1. Collier on Bankruptcy, Sec. 60.52, Vol. 3, p. 1051, 14th Ed.

2. Collier on Bankruptcy, Vol. 3, p. 731, 14th Ed.

§ 96. Preferred creditors

(a) (1) A preference is a transfer, as defined in this title, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.

\* \* \* \* \* \*

(b) Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent.

Under the provisions of Section 68 of the Bankruptcy Act a setoff of mutual debits and credits is permitted. An ordinary bank deposit is not a transfer under the provisions of Sec. 60, inasmuch as the deposit does not diminish the estate of the depositor.[3] The deposit results in a corresponding credit with the bank against which the depositor may immediately draw. However, in this case the deposits we are here concerned with having been immediately set off by the Bank to cover obligations owed by the depositor to the Bank, were not thereafter subject to withdrawal by the depositor, Wheat Bros., and the trial court was correct in its finding that the deposits were in reality payments or transfers to the Bank and not deposits in the ordinary course of business.[4]

We are of the opinion that the findings of the court below are supported by the evidence, and that the decision of the court was correct. The judgment is affirmed. Respondent is entitled to costs.

CROCKETT, C. J., and HENRIOD, CALLISTER and ELLETT, JJ., concur.

3. Collier on Bankruptcy, Sec. 60.15, Vol. 3, 14th Ed.; 9 Am.Jur.2d Sec. 525, p. 407; New York County Nat. Bank v. Massey, 192 U.S. 138, 24 S.Ct. 199, 48 L.Ed. 380; Studley, Trustee v. Boylston Nat. Bank, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313.

4. Bank of Commerce & Trusts v Hatcher, 4 Cir., 50 F.2d 719, 85 A.L.R. 359, 369.